IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN E. STOKES, IV, M.D.,
   *Plaintiff*,

v.                                                        Civil Action No. ELH-11-2339

MARK T. BERTOLINI, *et al.*,
   *Defendants*.

## MEMORANDUM OPINION

On July 13, 2011, Dr. John E. Stokes, IV, plaintiff, who is a medical doctor, filed a *pro se* complaint (ECF 2) in Maryland state court against Aetna Health, Inc. ("Aetna") and its president, Mark T. Bertolini,[1] defendants, seeking approximately $700.00 in damages. Plaintiff alleged that defendants "[f]ailed to pay legitimate claim[s] for diagnostic testing" that plaintiff had performed upon a patient who was insured by Aetna.[2] On August 22, 2011, defendants removed the case to this Court. *See* Notice of Removal (ECF 1). They asserted that the Court possesses subject matter jurisdiction under 28 U.S.C. § 1331, which grants jurisdiction over claims "arising under" federal law. *See also* 28 U.S.C. § 1441(a)-(b) (authorizing removal of cases from state court when jurisdiction is founded on a claim "arising under" federal law). Although plaintiff's complaint, on its face, asserted only a state contract law claim, defendants contended that

---

[1] Defendants point out that Bertolini's last name is misspelled as "Bortolini" in the caption of the case. It is not clear whether plaintiff actually misspelled Bertolini's last name, or whether plaintiff's handwriting, in filling out the form complaint, simply failed to differentiate clearly between an "e" and an "o." In any event, the Clerk will be directed to correct the spelling of Bertolini's name on the docket.

[2] Dr. Stokes's patient is not a party to this case. Although the patient is identified in the parties' pleadings, I have omitted his name for privacy reasons and because his identity is not relevant to the issues before the Court.

plaintiff's state law claim was completely preempted by the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901 *et seq.*, thus conferring federal jurisdiction. Subsequently, each defendant filed a motion to dismiss (ECF 8 & 10), to which plaintiff failed to respond.

For the reasons that follow, I conclude that the Court lacks subject matter jurisdiction over this case. Accordingly, the Court has no authority to resolve defendants' motions to dismiss, and the case will be remanded to state court.

## Factual & Procedural Background

Plaintiff filed his suit in the District Court of Maryland, which is a state trial court of limited jurisdiction. *See* Md. Code (2006 Repl. Vol., 2011 Supp.), §§ 1-601 *et seq.* & §§ 4-101 *et seq.* of the Courts & Judicial Proceedings Article ("C.J.").[3] Civil actions in the state district court are generally initiated by the filing of a form complaint. *See* Md. Rules 3-303(a) & 3-701(b); *see also* C.J. § 6-403(a). In his form complaint, plaintiff checked a box asking the clerk to docket the case as an "action of contract." Complaint at 1. In the area of the form labeled "particulars of this case," plaintiff stated that defendants "[f]ailed to pay legitimate claim[s] for diagnostic testing." *Id.* Dr. Stokes sought $684.24 in damages, plus interest of $41.00. *Id.*[4]

As exhibits to the complaint, plaintiff submitted two documents on Aetna letterhead. The first (which appears to be the second page of a larger, three-page document) lists Aetna's response to several "claims" related to treatment of plaintiff's patient on August 26, 2010. *Id.* at

---

[3] Specifically, plaintiff initiated the case in District 1, serving Baltimore City. *See* C.J. § 1-602(1).

[4] In Maryland, the district court has original jurisdiction over civil actions in contract or tort where the damages claimed do not exceed $30,000. C.J. § 4-401(1). Because plaintiff's claim was for less than $5,000, the claim also fell within the district court's exclusive jurisdiction over "small claims" actions. C.J. § 4-405. Pretrial discovery is not permitted in small claims actions, *see* Md. Rule 3-701(e), and trials of small claims cases are conducted in an "informal manner," whereby the formal rules of evidence do not apply. Md. Rule 3-701(f).

2. For two procedures, which were each "Billed" at $342.12, the amount of "$0.00" is listed as "Paid." *Id.* The second document is a letter, addressed to the patient, which refers to a "[b]illed [a]mount" of $684.24 for services provided by Dr. Stokes on August 26, 2010, and states: "You are not responsible for this charges [sic] unless you accepted responsibility in writing before the service was performed. Charges for, or in connection with, services or supplies that are, as determined by Aetna, considered to be experimental or investigational are not covered under your plan." *Id.* at 3. The letter also identifies the federal government as the "Plan Sponsor." *Id.*

As noted, defendants removed the case to this Court on August 22, 2011,[5] based on federal question jurisdiction. *See* 28 U.S.C. §§ 1331 & 1441(a)-(b). They claimed that FEHBA completely preempts plaintiff's state law contract claim. Subsequently, both defendants moved to dismiss the suit.

Aetna's motion to dismiss (ECF 8) is also premised on the assertion that FEHBA preempts plaintiff's claim. In his motion to dismiss (ECF 10), Bertolini adopts that position.

FEHBA governs the administration and supervision of health care benefit plans for many federal government employees. The statute authorizes the federal Office of Personnel Management ("OPM") to enter into contracts with "qualified carriers" to offer "health benefit plans" to eligible federal employees and their covered dependents. *See* 5 U.S.C. § 8902(a); *see also id.* § 8901(1) (defining eligible "employees"); § 8901(7) (defining "carrier"). A "health

---

[5] Defendants' Notice of Removal was timely. *See* 28 U.S.C. § 1446(b) (defendant must remove within 30 days after service); *Barbour v. Int'l Union, United Automobile, Aerospace & Agric. Implement Workers of Am.*, 640 F.3d 599, 605-13 (4th Cir. 2011) (holding that the 30-day period under 28 U.S.C. § 1446(b) begins to run when the first defendant is served). Defendants averred that Aetna was served on July 21, 2011, and that Bertolini was served on July 22, 2011. *See* Notice of Removal ¶¶ 2-3; *see also* ECF 3 & 4 (summons documents). The thirtieth day after July 21, 2011 was Saturday, August 20, 2011, and Fed. R. Civ. P. 6(a)(1)(C) extends through the next day the court is open any period that expires on a weekend or legal holiday.

- 3 -

benefits plan" is a "group insurance policy or contract ... provided by a carrier for the purpose of providing, paying for, or reimbursing expenses for health services." *Id.* § 8901(6). FEHBA establishes certain standards that contracts for health benefits plans offered under the statute must meet, *see* 5 U.S.C. §§ 8902(c)-(d), (f)-(k), and authorizes OPM to contract for a variety of health benefit plans, containing various benefits. *See id.* §§ 8903-8904. The statute also authorizes OPM to establish by regulation additional minimum standards for health benefit plans. *See id.* §§ 8902(e), 8913.

In a FEHBA contract, the carrier must agree to "pay for or provide a health service or supply in an individual case," if OPM determines that the covered employee or dependent is entitled to receive the service or supply under the contract. *Id.* § 8902(j). To that end, OPM has established, through regulations codified in 5 C.F.R. part 890, subpart A, an administrative review process by which a "covered individual" may obtain OPM review of a carrier's denial of a claim for benefits. 5 C.F.R. § 890.105(a). A "covered individual" is an "enrollee or covered family member" in a health benefit plan." *Id.* § 890.101(a). The regulations expressly state that a "covered individual must exhaust both the carrier and OPM review processes ... before seeking judicial review of the denied claim." *Id.* Further, the regulations provide:

> A covered individual may seek judicial review of OPM's final action on the denial of a health benefits claim. A legal action to review final action by OPM involving such denial of health benefits must be brought against OPM and not against the carrier or carrier's subcontractors. The recovery in such a suit shall be limited to a court order directing OPM to require the carrier to pay the amount of benefits in dispute.

5 C.F.R. § 890.107(c); *see also* 5 U.S.C. § 8912 ("The district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim *against the United States* founded on this chapter.") (Emphasis added).

- 4 -

Defendants argue that FEHBA requires any challenge to a covered benefit plan's determination regarding coverage to be brought in an administrative proceeding before OPM. According to defendants, if a party contests OPM's decision, the party's sole remedy is to file suit against OPM. Thus, defendants maintain that plaintiff's claim is subject to dismissal for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for three reasons. First, it is preempted by FEHBA; second, even if the complaint is considered as a claim under FEHBA, OPM is the only proper defendant in any claim brought under FEHBA; and finally, plaintiff did not allege that he exhausted the administrative remedy provided by OPM.

As noted, Bertolini filed a separate motion to dismiss (ECF 10), adopting by reference Aetna's arguments for dismissal. Bertolini also asserts two additional arguments specific to him. First, Bertolini contends that the complaint does not allege facts to establish his personal liability. Therefore, he insists that, as an officer and employee of Aetna, he is shielded from liability by Aetna's "corporate veil." Second, he argues that the complaint fails to allege facts showing that the Court has personal jurisdiction over him.[6]

As indicated, plaintiff failed to respond to either motion. The time for him to do so has expired. *See* Local Rule 105.2(a); Fed. R. Civ. P. 6(d).

### Discussion

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Of import here, courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, ___ U.S. ___, 130

---

[6] In light of my conclusion that this case must be remanded on other grounds, I need not further discuss the additional grounds set forth in Bertolini's motion.

S. Ct. 1181, 1193 (2010); *see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006). With regard to removed cases, 28 U.S.C. § 1447(c) requires: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

As noted, defendants assert that the Court possesses subject matter jurisdiction based on federal question jurisdiction, also known as "arising under" jurisdiction. *See* 28 U.S.C. §§ 1331 & 1441(a)-(b). Section 1331 grants federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In turn, § 1441, the general removal statute, permits "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to be "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When jurisdiction is based on a claim "arising under the Constitution, treaties or laws of the United States," the case is "removable without regard to the citizenship or residence of the parties." *Id.* § 1441(b).[7]

The "'presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citation omitted). The "existence of a federal defense normally does not create statutory 'arising under' jurisdiction, and 'a defendant [generally] may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises

---

[7] Defendants do not assert that the Court possesses subject matter jurisdiction on the basis of diversity of citizenship. Regardless of the citizenship of the parties, the amount in controversy falls far below the $75,000 threshold applicable to diversity cases. *See* 28 U.S.C. § 1332(a).

under" federal law.'" *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004) (internal citations omitted) (emphasis in original). "Ordinarily federal pre-emption is raised as a defense to the allegations in a plaintiff's complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, it is "settled law that a case may not be removed to federal court on the basis of a federal defense, *including the defense of pre-emption*, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393 (emphasis added).

As a narrow exception to the foregoing principles, however, the Supreme Court has held that federal question jurisdiction is satisfied "when a federal statute wholly displaces the state-law cause of action through *complete* pre-emption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) (emphasis added); *see also Vaden v. Discover Bank*, 556 U.S. 49, ___, 129 S. Ct. 1262, 1273 (2009); *Davila*, 542 U.S. at 207-08. The Court has explained: "When [a] federal statute completely pre-empts [a] state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial*, 539 U.S. at 8.[8]

Defendants claim that FEHBA is such a statute. Notably, FEHBA's preemption provision, codified at 5 U.S.C. § 8902(m)(1), states:

---

[8] The Supreme Court has found complete preemption in the context of § 301 of the Labor Management Relations Act ("LMRA"), *see, e.g., Caterpillar, supra,* 482 U.S. 386 (1987); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers,* 390 U.S. 557 (1968); certain claims covered by the Employee Retirement Income Security Act ("ERISA"), *see, e.g., Davila, supra,* 542 U.S. 200; *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987); the National Bank Act, *see Beneficial, supra,* 539 U.S. 1; and certain claims involving Native American tribal rights, *see Oneida Indian Nation of N.Y. State v. Oneida County,* 414 U.S. 661 (1974). "The courts of appeals and the district courts have extended the complete-preemption doctrine to a number of other substantive law contexts." WRIGHT, MILLER, COOPER & STEINMAN, 14B FEDERAL PRACTICE & PROCEDURE § 3722.2, at 507 (4th ed. 2009, 2011 Supp.).

> The terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans.

Claiming that FEHBA completely preempts otherwise applicable state law, and thereby provides a basis for subject matter jurisdiction, defendants rely on several cases: *Botsford v. Blue Cross & Blue Shield of Montana, Inc.*, 314 F.3d 390 (9th Cir. 2002) (reversing district court's dismissal, for lack of subject matter jurisdiction, of FEHBA plan enrollee's suit against carrier for reimbursement of medical expenses); *St. Mary's Hosp. v. Carefirst of Maryland*, 192 F. Supp. 2d 384 (D. Md. 2002) (denying health care provider's motion to remand, for lack of subject matter jurisdiction, its suit against carrier for reimbursement for services provided to FEHBA enrollees, which carrier had removed on the basis of federal question jurisdiction); and several other pre-2006 district court decisions.[9]

The cases on which defendants rely are no longer good law for the proposition advanced by defendants. Although defendants cite *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006), in their general discussion of FEHBA, they omit to mention that the Supreme Court held unequivocally in that case that FEHBA does not *completely* preempt otherwise applicable state law, and therefore does not confer federal question jurisdiction.

*Empire* arose from litigation over the proceeds of a settlement of a tort claim. An enrollee in a FEHBA health benefits plan, Joseph McVeigh, was injured in an accident in 1997

---

[9] In addition to *Botsford* and *St. Mary's Hospital*, defendants cite *McCoy v. Unicare Life & Health Ins. Co.*, No. 04-C-1126, 2004 U.S. Dist. LEXIS 20798 (N.D. Ill. Oct. 18, 2004) (denying plaintiff FEHBA plan enrollee's motion to remand suit for reimbursement against carrier); *Rievely v. Blue Cross Blue Shield of Tenn.*, 69 F. Supp. 2d 1028 (E.D. Tenn. 1999) (same); and *Kight v. Kaiser Found. Health Plan of the Mid Atl. States, Inc.*, 34 F. Supp. 2d 334 (E.D. Va. 1999) (same).

and died in 2001. *Id.* at 687. Between McVeigh's injury and his death, Empire, the carrier of the health plan, paid approximately $160,000 for McVeigh's medical care. *Id.* Subsequently, his survivors and the estate brought suit in state court against the parties allegedly responsible for the accident, and obtained over $3 million in settlement. *Id.* Empire then sued McVeigh's estate in federal court, seeking to recover the amount it had paid for McVeigh's care. *Id.* at 688. Empire asserted that the federal court had subject matter jurisdiction under 28 U.S.C. § 1331, because the claim concerned entitlement to health benefits under FEHBA, and was thus a claim "arising under" federal law. *Id.* The district court disagreed, however, and dismissed for lack of subject matter jurisdiction. The Second Circuit affirmed, and so did the Supreme Court.

The Supreme Court closely analyzed 5 U.S.C. § 8902(m)(1), FEHBA's preemption provision, and determined that it "is not sufficiently broad to confer federal jurisdiction." *Empire*, 547 U.S. at 698. It said: "If Congress intends a preemption instruction completely to displace ordinarily applicable state law, and to confer federal jurisdiction thereby, it may be expected to make that atypical intention clear. Congress has not done so here." *Id.* (internal citations omitted). Moreover, the Court observed that the text of § 8902(m)(1) "does not purport to render inoperative any and all state laws that in some way bear on federal employee-benefit plans." *Id.*

The Court contrasted the FEHBA provision with the text of § 514(a) of ERISA, which provides that certain portions of ERISA "'supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan,'" *id.* (quoting § 514(a) of ERISA, codified at 29 U.S.C. § 1144(a)), and which the Supreme Court has held completely preempts state law, giving rise to federal question jurisdiction, in some circumstances. The Court remarked that

FEHBA is "unusual in that it renders preemptive contract terms in health insurance plans, not provisions enacted by Congress." *Id.* at 697. In the *Empire* Court's view, "a modest reading of [§ 8902(m)(1)] is in order," because § 8902(m)(1) "declares no federal law preemptive"; rather, it gives preemptive effect to the "terms of an OPM–[carrier] negotiated contract." *Id.* at 698. "In sum," the Court concluded that "the presentations . . . fail[ed] to establish that § 8902(m)(1) leaves no room for any state law potentially bearing on federal employee-benefit plans . . . ." *Id.* at 699. Therefore, it "extract[ed] from § 8902(m)(1) no prescription for federal-court jurisdiction." *Id.*

As defendants acknowledge, the Fourth Circuit has not determined in a reported opinion, either before or after *Empire*, whether FEHBA establishes complete preemption. Although the Fourth Circuit was presented with that question in *Caudill v. Blue Cross & Blue Shield of North Carolina, Inc.*, 999 F.2d 74 (4th Cir. 1993), the Court declined to resolve it. *See id.* at 77 ("[W]e need not answer the question whether the FEHBA completely preempts state law claims under federal health insurance contracts.").

In *Caudill*, an enrollee in a FEHBA plan sued her carrier in state court for breach of contract, seeking to recover the cost of high dose chemotherapy treatment for breast cancer. *Id.* at 76. Her carrier denied coverage, and the carrier's decision was affirmed by OPM, leading to the enrollee's state court suit. *Id.* at 77. The carrier removed to federal court on the basis of federal question jurisdiction. The federal district court denied the enrollee's motion to remand, and thereafter granted summary judgment to the carrier. *Id.* On appeal, the enrollee challenged the district court's denial of her motion to remand. The carrier advanced two alternate bases for federal question jurisdiction: first, that FEHBA completely preempted state law; and second, that

the suit was governed by "federal common law," which the carrier argued "supplants state law either partially or entirely regardless of Congress' intent to preempt the area involved." *Id.* at 77.

As noted, the Court did not decide the question of complete statutory preemption. Rather, it held that removal was appropriate because the area of law was governed by federal common law. *Id.* However, the Fourth Circuit observed that "the very application of state contract law would undermine the uniformity envisioned by Congress when it delegated the authority to interpret health benefit contracts to OPM." *Id.* at 79. Thereafter, in *St. Mary's Hospital, supra,* 192 F. Supp. 2d 384, Judge Nickerson relied on *Caudill* in determining that FEHBA completely preempts state law, observing that the Fourth Circuit in *Caudill* "strongly emphasize[d] the 'uniquely federal interest' in regulating the provision of health care and benefits to federal employees." *Id.* at 387-88. It is noteworthy, therefore, that the Supreme Court expressly overruled *Caudill* in *Empire*, rejecting the claim that federal question jurisdiction in that case could arise either from FEHBA statutory preemption or a federal common law basis. *See Empire*, 547 U.S. at 689 (citing *Caudill* among cases presenting circuit split).

In the wake of *Empire*, several federal courts have recognized that FEHBA does not completely preempt state law, and therefore a FEHBA preemption defense cannot form the basis of federal question jurisdiction. *See, e.g., Pollitt v. Health Care Serv. Corp.*, 558 F.3d 615, 616 (7th Cir.) (stating that *Empire* "holds that federal law does not completely occupy the field of health-insurance coverage for federal workers" and that "the district court erred in allowing removal under § 1441 and dismissing the suit as completely preempted"), *cert. granted,* 130 S. Ct. 296 (2009) (petition subsequently dismissed by joint stipulation of the parties); *Farnsworth v.*

*Harston*, No. 2:10-cv-238 CW, 2011 WL 285811 (D. Utah Jan. 27, 2011) (citing *Empire*, stating that "FEHBA does not give rise to complete preemption," and granting motion to remand); *West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 748 F. Supp. 2d 580, 583-85 (S.D.W.Va. 2010) (remanding to state court for lack of subject matter jurisdiction because *Empire* holds that "complete preemption did not apply" to FEHBA, and therefore "FEHBA does not provide federal subject matter jurisdiction"); *Van Horn v. Ark. Blue Cross & Blue Shield*, 629 F. Supp. 2d 905, 907-12 (E.D. Ark. 2007).

Defendants do not cite any post-*Empire* cases holding that FEHBA preemption is a basis for subject matter jurisdiction.[10] To be sure, defendants cite two unreported cases that were decided after 2006. *See Barnes v. Humana, Inc.*, No. 8:09-CV-524-T-30MAP, 2009 U.S. Dist. LEXIS 52673 (M.D. Fla. June 23, 2009); *Pellicano v. Blue Cross Blue Shield Ass'n*, Civ. No. 3:11-CV-406 (M.D. Pa. Aug. 11, 2011) (report and recommendation of magistrate judge). But, those decisions considered the issue of FEHBA preemption as a substantive defense; they did not hold that FEHBA *completely* preempts applicable state law and did not hold that FEHBA preemption provides a basis for subject matter jurisdiction.[11]

In sum, *Empire* forecloses defendants' assertion of subject matter jurisdiction. Nevertheless, it does not necessarily foreclose their substantive defense that plaintiff's claim is

---

[10] The Court's research has uncovered one unreported post-2006 district court decision relying upon FEHBA preemption for removal jurisdiction, but that decision does not cite *Empire*. *See Ala. Dental Ass'n v. Blue Cross & Blue Shield of Ala., Inc.*, No. 205-CV-1230-MEF, 2007 WL 25488 (M.D. Ala. Jan. 3, 2007). It is noteworthy that the case was removed to federal court and plaintiff's motion to remand was fully briefed before the Supreme Court issued its decision in *Empire*.

[11] Two of the pre-*Empire* cases cited by defendants also considered preemption only as a substantive matter, and not a jurisdictional matter. *See Carter v. Blue Cross Blue Shield of Fla., Inc.*, 61 F. Supp. 2d 1241 (N.D. Fla. 1999); *Negron v. Patel*, 6 F. Supp. 2d 366 (E.D. Pa. 1998).

preempted by FEHBA. The merits of their preemption defense (which is a subject of defendants' motions to dismiss) will be a matter for the state court to determine on remand.[12]

**Conclusion**

For the foregoing reasons, I conclude that this Court lacks subject matter jurisdiction over this case. Accordingly, pursuant to 28 U.S.C. § 1447(c), the case must be remanded to the District Court of Maryland (Baltimore City). An Order implementing this ruling follows.

Date: October 5, 2011

/s/
Ellen Lipton Hollander
United States District Judge

---

[12] Defendants rely principally on *St. Mary's Hospital* for the proposition that a health care provider's state-law claim against a FEHBA plan carrier is preempted by FEHBA. Although *Empire* overruled *St. Mary's Hospital*'s holding as to subject matter jurisdiction, *St. Mary's Hospital* may remain persuasive authority with regard to whether health care providers' claims against FEHBA carriers are preempted as a substantive matter. It is worth pointing out, however, that there is also authority to the contrary. In *Cedars-Sinai Medical Center v. National League of Postmasters*, 497 F.3d 972, 975-80 & n.4 (9th Cir. 2007), the Ninth Circuit expressly rejected *St. Mary's Hospital*, and held that a medical provider's suit against a FEHBA plan carrier was not substantively preempted (in large part because FEHBA's administrative remedy through OPM is available only to plan enrollees and their covered family members, not to health care providers). It will be for the state court on remand to determine whether *St. Mary's Hospital* or *Cedars-Sinai* has the better of the argument.